IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAYNE PRITCHETT,** | : | **CIVIL NO. 1:CV-06-0265** |
| **Plaintiff** | : | |
| v. | : | |
| **RICHARD ELLERS and JOHN SYMONS,** | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

### I. **Background**

Plaintiff, a state prisoner, brought an action in negligence; an action pursuant to 42 U.S.C. § 1983 for violation of his Eighth Amendment rights; an action under the Americans with Disabilities Act ("the ADA"); and has requested injunctive relief. Defendants are Richard Ellers, the Corrections Health Care Administrator at the State Correctional Institution at Rockview ("SCI-Rockview"), and John Symons, a physician at SCI-Rockview. By order dated February 13, 2006, Plaintiff's negligence claims against both Defendants were dismissed; the ADA claim against Defendant Symons was dismissed; and Plaintiff's claim for injunctive relief against Defendant Symons was dismissed.

The magistrate judge to whom this matter was referred subsequently filed a report on the remaining claims and recommended that (1) Plaintiff's motion for summary judgment be denied; (2) Defendant Ellers' motion for summary judgment be denied as to Plaintiff's Eighth Amendment and the ADA claims and granted as to Plaintiff's retaliation claim; and (3) Defendant Symon's motion for summary judgment be denied. The magistrate judge found that the remaining issues for trial were the ADA claim against Defendant Ellers and the Eighth Amendment

claim against both Defendants.  Defendants have each filed objections to the report and recommendation and the matter is ripe for disposition.

## II. Discussion

### A. The ADA Claim

Plaintiff has stated no specific claim or cause of action in his compliant concerning the ADA.  There is only a statement in the complaint that Defendant Ellers violated the ADA.  Title 42 U.S.C. § 12132 provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity.

In *Pennsylvania Dept. of Corrections v. Yeakey*, 524 U.S. 206, 210 (1998), the court held that state prisons fall squarely within the statutory definition of "public entity."

The next issue to be determined is whether Plaintiff is disabled as defined by the statute.  Title 42 U.S.C. § 12102(2) defines disability with respect to an individual as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment, or
> (C) being regarded as having an impairment.

Even if Plaintiff has a record of impairment, in order to show the existence of a disability, there must be a record of impairment that substantially limits one or more major life activities.  *Howell v. Sam's Club #8160/Wal Mart*, 959 F. Supp. 260 (E.D. Pa. 1997).  Speaking may be a major life activity, however, there is no evidence that Plaintiff cannot speak or communicate, only that his voice is "raspy."  Plaintiff has not shown a disability and, therefore, has not stated a cause of action under the

ADA.  In addition, Plaintiff has not sued the Pennsylvania Department of Corrections but an individual.  This alone would preclude finding a cause of action.

### B. The Eighth Amendment Claim

This claim states that both Defendants were deliberately indifferent to Plaintiff's medical needs by not preventing his exposure to second hand smoke through a transfer to a single cell status.

#### 1. Defendant Ellers

The magistrate judge concluded that the actions of Ellers did not lead to a reasonable inference of deliberate indifference; however, the timing of those actions may lead to such an inference.  (Report and Recommendation at p. 25.)

##### a. Serious Medical Need

Plaintiff suffers from viral papilloma of the larynx with a high risk of recurrence; the condition is precancerous.  Defendants do not argue that this is not a serious medical condition.  To alleviate any contact with second hand smoke, Plaintiff requested a single cell status as the only way of protecting him from second hand smoke.

##### b. Deliberate Indifference

In the report and recommendation, the magistrate judge has correctly and adequately defined deliberate indifference and the standard will not be repeated herein.  As previously indicated, the magistrate judge found that while the actions of Ellers did not lead to an inference of deliberate indifference, the timing of those actions might lead to such an inference.  The chronology of events follows.

On October 7, 2004, Dr. Kao, Plaintiff's surgeon, notified Plaintiff to avoid exposure to second hand smoke.  (Defendant Symons' Statement of Material Facts, Ex. 4, Doc. 95.)  In mid-to-late summer of 2004, Symons and Ellers discussed possible resolutions to Plaintiff's exposure to second hand smoke after Plaintiff had

reported to Symons that his cellmate was smoking. (Ellers Affidavit, ¶¶ 20-21, Doc. 74-2.) Ellers spoke to John Allar, Plaintiff's Unit Manager, regarding single celling Plaintiff or moving him to another housing unit. (*Id.* at ¶ 26.) Allar claimed Plaintiff was not receptive to either suggestion. (*Id.* at ¶ 27,) Ellers and Symons discussed transferring Plaintiff to a smoke-free institution (*Id.* at ¶ 31.) Allar informed Ellers that Plaintiff was not agreeable to a transfer. (*Id.* at ¶ 33.) In September 2004, Ellers contacted the chief of Clinical Services of the Department's Bureau of Health Care Services and the Bureau's clinical coordinator to find another institution to which they could transfer Plaintiff. (*Id.* at ¶¶ 42, 44.) Ellers made contacts in early to mid-October with the State Correctional Institution at Chester and the State Correctional Institution at Pine Grove to see if they would accept Plaintiff's transfer. (*Id.* at ¶ 46.) Both institutions declined. (*Id.* at ¶¶ 47, 48.) Finally, in November, Ellers contacted the State Correctional Institution at Fayette regarding a possible transfer of Plaintiff. (*Id.* at ¶ 50.) The transfer was completed on December 14, 2004. (*Id.* at ¶ 66.)

An important factor to consider is that Ellers was not aware of Plaintiff's life sentence and thought that Plaintiff was preparing a petition for parole. (*Id.* at ¶¶ 35, 36, 37.) He was concerned that a transfer to another institution might jeopardize Plaintiff's parole status. (*Id.* at ¶ 38.) When Ellers was assured that a transfer of Plaintiff would not affect his parole status, Ellers proceeded to find a smoke free institution. This cautionary conduct by Ellers is antithetical to deliberate indifference.

Plaintiff could have alleviated some of his distress between September and December of 2004 by cooperating with the prison authorities. An offer was made to Plaintiff to stay in the infirmary at SCI-Rockview after his surgeries. (Symons' Statement of Undisputed Facts, ¶ 22, Doc. 95.) Plaintiff was also offered

temporary lock up in the Restrictive Housing Unit, which he declined. Plaintiff could also have found a non-smoking cellmate which he did not do until six days before his transfer to SCI-Fayette. Plaintiff refused a transfer to another block or to another institution. (Ellers Affidavit, ¶¶ 5, 6, 7, Doc. 74-2.)

All of the aforementioned actions by Plaintiff not only added to the delay but is significant in determining whether Plaintiff was concerned about getting a smoke free area versus a single cell or medical Z-code status. The court suggests the latter is Plaintiff's quest. It is significant that Plaintiff's cellmate in July and August of 2004 was not, in fact, a smoker. (Ellers Affidavit, ¶ 25, Doc. 74-2.)

The delay in getting Plaintiff in a smoke free environment was not deliberate and could have been alleviated through the cooperation of Plaintiff. Plaintiff has failed to state a cause of action against Defendant Ellers under 42 U.S.C. § 1983.

**2. Defendant Symons**

The magistrate judge found that a reasonable trier of fact could find that the delay from July to August 2004 until November 20, 2004, the date of the recommendation to transfer Plaintiff to a smoke free institution, amounted to deliberate indifference to Plaintiff's serious medical needs. However, the actual time period in question is from October 7, 2004 until November 20, 2004. (Defendant Symons' Statement of Material Facts, Ex. 3, Doc. 95.) The first written recommendation from Dr. Kao, on October 7, 2004, was for Plaintiff to *avoid* second hand smoke. (*Id.* at Ex. 4.) On Dr. Kao's Consultation Record dated December 9, 2004, he stated, "a smoke free cell would be appreciated." (*Id.*, Ex. 5.)

From September 2004 until Plaintiff's transfer in December 2004, Defendants Symons and Ellers discussed Plaintiff's situation and investigated ways to provide Plaintiff with a smoke free environment. Plaintiff was offered the

5

opportunity to get another non-smoking cellmate, to transfer to another block, and to stay in the infirmary to heal after his surgeries. Plaintiff rejected all offers of assistance seeking satisfaction only of single celling. (*Id.*, Ex. 1 at pp. 3, 32, 34, 53 and 133.)

Defendant Symons recommended a transfer to a smoke free institution because of the difficulty of enforcing a non- smoking environment at SCI-Rockview. Defendant Symons himself has no authority to make the transfer or effect the mechanism for a transfer. Defendant Ellers began the administrative search to find such an institution as noted above. Eventually, Plaintiff was transferred. Plaintiff may have been offered a transfer before, but declined. (*Id.*, Ex. 1 at pp. 53-54.)

Defendant Symons referred Plaintiff to an ear, nose and throat specialist. After appointments with Dr. Kao, Defendant Symons performed follow up appointments in about a week or two with Plaintiff. In fact, before the transfer, Defendant Symons contacted the doctor at SCI-Fayette concerning Plaintiff so that his care did not "fall through the cracks." (*Id.,* Ex. 1 at pp. 79-80.)

It is doubtful that a three month period caused or presented any significant harm to Plaintiff. In a report filed by Michael Strodes, M.D., he opined in part that:

> The role of second hand smoke and cancers arising in laryngeal papillomatosis is not well studied. . . . There is no question that Mr. Pritchett's condition was not exacerbated by any second hand exposure over this 2-month period. He had dysplasia present in multiple biopsies before there was a recommendation to avoid second hand smoke and he suffers from a medical condition that will continue to recur regardless of his exposure to smoke.

(*Id.*, Ex. 11.)

While Plaintiff had a serious medical need, the record does not support, and no jury could find, deliberate indifference by Dr. Symons toward this serious medical problem. Plaintiff has failed to state a cause of action against Defendant Symons under 42 U.S.C. § 1983.

### III. Conclusion

Fro the reasons stated above, this court will grant the motions for summary judgment of both defendants. An appropriate order will be issued.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 31, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**WAYNE PRITCHETT,** : **CIVIL NO. 1:CV-06-0265**
   **Plaintiff** :
 :
**v.** :
 :
**RICHARD ELLERS and** :
**JOHN SYMONS,** :
 :
   **Defendants** :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts in part and rejects in part the report and recommendation of Magistrate Judge Smyser.

   a) The recommendation that Plaintiff's motion for summary judgment be denied is adopted and Plaintiff's motion for summary judgment is denied.

   b) The recommendation that Defendant Symons' motion for summary judgment be denied is rejected and Defendant Symons' motion for summary judgment is granted.

   c) The recommendation that Defendant Ellers' motion for summary judgment be granted on Plaintiff's retaliation claim is adopted.

   d) The recommendation that Defendant Ellers' motion for summary judgment be denied on Plaintiff's ADA claim is rejected.

    e) The recommendation that Defendant Ellers' motion for summary judgment be denied on Plaintiff's Eighth Amendment claim is rejected.

    f) Defendant Ellers' motion for summary judgment is therefore granted in its entirety.

  2) The Clerk of Court shall enter judgment in favor of Defendant Ellers and Defendant Symons and against Plaintiff on all remaining claims and close the file.

              s/Sylvia H. Rambo
              SYLVIA H. RAMBO
              United States District Judge

Dated: January 31, 2008.